Citation Nr: 1504650 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 09-43 044 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to a disability rating in excess of 40 percent for motor seizures, residuals of post-traumatic encephalopathy.

2. Entitlement to a disability rating in excess of 10 percent for post-traumatic encephalopathy with cognitive impairment of memory loss and slowed motor activity.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Meawad, Counsel


INTRODUCTION

The Veteran served on active duty for training from May to August 1976 and on active duty from April 1978 to December 1981. Additional periods of active duty for training in June and August 1977 are also reported.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a June 2008 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri.

In July 2013, the Board remanded the case for further development.

In March 2014, the Board adjudicated the issues on appeal, granting a 40 percent disability rating for motor seizures, residuals of post-traumatic encephalopathy, and a separate 10 percent rating for post-traumatic encephalopathy with cognitive impairment of memory loss and slowed motor activity. The Veteran appealed these issues to the United States Court of Appeals for Veterans Claims (hereinafter, "the Court"). In October 2014, the Court granted a Joint Motion for Remand and remanded the matter to the Board for action consistent with the October 2014 Court order.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In the Joint Motion for Remand, the parties agreed that this case must be remanded because the Board relied on conflicting medical examinations regarding the Veteran's memory difficulties and failed to discuss whether the Veteran may be entitled to a separate rating for physical problems as a result of his traumatic brain injury (TBI). As such, the Board has no discretion and must remand this matter for compliance with the Court's October 2014 order granting the parties' joint motion to remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998); see also Forcier v. Nicholson, 19 Vet. App. 414, 425 (2006) (holding that the duty to ensure compliance with the Court's order extends to the terms of the agreement struck by the parties that forms the basis of the joint motion to remand). 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an examination to assess the nature and severity of his service-connected TBI residuals, specifically memory loss and any related physical problems, including neurological impairments. The claim folder must be made available to and reviewed by the examiner. All appropriate tests and studies must be conducted. 

The examiner must identify all TBI residuals and provide an opinion as to whether any of the Veteran's physical problems, including neurological impairments, qualify as a TBI-residual.

The examiner must also clarify the results from the February 2013 and September 2013 VA examinations regarding the Veteran's memory loss.

The examination report must include a complete rationale for all opinions expressed. If the examiner feels that a requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training).

2. Then, readjudicate the appeal. If either benefit sought remains denied, issue a Supplemental Statement of the Case and return the case to the Board. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
RONALD W. SCHOLZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).